# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

EDWARD B. SPENCER,

Plaintiff,

v.

B. EDWARDS,

Defendant.

Case No. 1:21-cv-01410 BAM (PC)

SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT

(ECF No. 1)

**THIRTY-DAY DEADLINE**

Plaintiff Edward B. Spencer ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. Plaintiff's complaint, filed on September 23, 2021, is currently before the Court for screening. (ECF No. 1.)

**I. Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II. Plaintiff's Allegations**

Plaintiff is currently housed at the California Substance Abuse Treatment Facility ("SATF") in Corcoran, California, where the events in the complaint are alleged to have occurred. Plaintiff names the B. Edwards, Chief Executive Officer of SATF, as the sole defendant.

Plaintiff alleges as follows. Defendant Edwards is the CEO of SATF and is responsible for the operation and practices at SATF involving inmate's medical equipment. Defendant Edwards is responsible for enforcement of policies, procedure and guidelines for the health and safety of inmates and for ensuring inmates like Plaintiff receive C-Pap from approved vendors.

Plaintiff is a Black American who was issued a C-Pap by a specialist. Plaintiff is required to have C-Pap similar to white and Latino inmates but is being treated unequally. Plaintiff alleges that his assigned medical equipment is entitled to Constitutional protection.

Plaintiff seeks declaratory relief that he is entitled to receive and possess his C-Pap same as white and Latino inmates and not be required to be single celled while at California Department of Corrections and Rehabilitation ("CDCR"). Defendant Edwards violated Plaintiff's rights by refusing to provide and allow him to possess his C-Pap machine. Defendant Edwards states that C-Pap machines are only available for single cell housing patient due to COVID 19 safety precautions. He is allowing the machines to be confiscated but allowing whites and Latino

inmates to keep their C-pap machines and does not confiscate white and Latino C-Pap machines. Defendant Edwards does not deny White and Latino inmates their C-Pap and is not forcing them to be single celled.

Defendant Edwards violated Plaintiff's equal protection guaranteed by the Fourteenth Amendment by confiscating Plaintiff's C-Pap and allowing whites and Latino inmates to posses their C-Pap without forcing them to be single celled. Plaintiff has been damaged by the denial of his C-Pap machine. Plaintiff seeks declaratory relief, compensatory damages and punitive damages.

**III. Discussion**

**A. Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557; *Moss*, 572 F.3d at 969.

Here, Plaintiff's complaint is short, but it is not a plain statement of his claims showing that he is entitled to relief. It is unclear is Plaintiff is challenging conduct by Defendant Edwards or a policy implemented by Defendant Edwards. If Plaintiff elects to amend his complaint, he must clearly and succinctly state what happened, when it happened and who was involved. If he is challenging a policy, he must state what the policy is and how such policy violated his constitutional rights, as explained below.

**B. Supervisory Personnel**

Insofar as Plaintiff is attempting to sue Defendant Edwards, or any other defendant, based solely upon his supervisory role, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat

superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825 (1970).

To prove liability for an action or policy, the plaintiff "must ... demonstrate that his deprivation resulted from an official policy or custom established by a ... policymaker possessed with final authority to establish that policy." *Waggy v. Spokane County Washington*, 594 F.3d 707, 713 (9th Cir. 2010). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff has failed to allege direct participation in the alleged violations by Defendant Edwards. Plaintiff has failed to allege the causal link between defendant and the claimed constitutional violation which must be specifically alleged. He does not make a sufficient showing of any personal participation, direction, or knowledge on the defendant's part regarding any other prison officials' actions. Plaintiff has not alleged that the Defendant personally participated in the alleged deprivations.

In addition, it appears that a policy regarding C-Pap is purportedly at issue. Plaintiff fails to allege what the specific policy is and the causal link between such defendant and the claimed

constitutional violation. Plaintiff also has failed to plead facts showing that any policy was a moving force behind the alleged constitutional violations. *See Willard v. Cal. Dep't of Corr. & Rehab.*, No. 14-0760, 2014 WL 6901849, at *4 (E.D. Cal. Dec. 5, 2014) ("To premise a supervisor's alleged liability on a policy promulgated by the supervisor, plaintiff must identify a specific policy and establish a 'direct causal link' between that policy and the alleged constitutional deprivation."). Plaintiff has failed to allege facts demonstrating that the policy regarding C-pap is itself a repudiation of Plaintiff's Eighth Amendment rights.

**C. Equal Protection**

The Equal Protection Clause requires the State to treat all similarly situated people equally. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). This does not mean, however, that all prisoners must receive identical treatment and resources. *See Cruz v. Beto*, 405 U.S. 319, 322 n. 2 (1972); *Ward v. Walsh*, 1 F.3d 873, 880 (9th Cir. 1993); *Allen v. Toombs*, 827 F.2d 563, 568–69 (9th Cir. 1987).

"To prevail on an Equal Protection claim brought under § 1983, Plaintiff must allege facts plausibly showing that ' "the defendants acted with an intent or purpose to discriminate against [them] based upon membership in a protected class,' " (citing see *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005)) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001)), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, *Engquist v. Oregon Department of Agr*., 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008); *Village of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000); *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008); *North Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008).

Here, Plaintiff fails to state a cognizable claim. While Plaintiff claims that he, as a Black inmate, is treated differently than other Latino or white inmates, Plaintiff does not reference specific conduct of Defendant Edwards. It appears that a policy is at issue but it is unclear what that policy is. Plaintiff has failed to allege facts that Defendant's actions were motivated by an intent to discriminate against Plaintiff based on Plaintiff's race.

Vague and conclusory allegations concerning the involvement of official personnel in

civil rights violations are not sufficient. *See Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Moreover, although pro se pleadings are to be construed liberally, plaintiff must present factual allegations sufficient to state a plausible claim for relief. *See Hebbe v. Pliler,* 627 F.3d 338, 341-42 (9th Cir. 2010). Because plaintiff has not done so, the Equal Protection claim is not viable. Plaintiff will, however, be given an opportunity to amend in a first amended complaint should he so choose.

**IV. Conclusion and Order**

Plaintiff's complaint fails to comply with Rule 8 and fails to state a cognizable claim under 42 U.S.C. § 1983. As Plaintiff is proceeding pro se, the Court will grant Plaintiff an opportunity to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly,* 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order (or file a notice of voluntary dismissal); and

3. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated: **December 28, 2021**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE